

# NUMBER 13-05-00132-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RUDY GONZALES,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                            **Appellee.**

## On appeal from the 24th District Court
## of Jackson County, Texas.

## MEMORANDUM OPINION ON REMAND

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Yañez

A jury convicted appellant, Rudy Gonzales, of felony driving while intoxicated ("DWI").[1] The jury assessed punishment at six years' imprisonment and a $5,000 fine, and recommended that the trial court suspend both. The trial court sentenced appellant to six years' imprisonment, suspended the sentence and the $5,000 fine, and placed appellant

---

[1] *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2010).

on community supervision for a period of ten years.[2] By two issues, appellant contends: (1) the trial court erred in permitting his 1987 DWI conviction to be used to enhance the present offense to felony DWI because it was too remote[3]; and (2) the trial court erred in allowing the State to ask a highly prejudicial hypothetical question. We affirm.

On direct appeal, this Court held that appellant's 1987 conviction "was not a final conviction and could not be used to enhance the current offense to a felony offense." [4] Despite the language of the 1987 judgment explicitly stating that, "the finding of guilty herein shall not be final, that no judgment be rendered thereon," the court of criminal appeals held that when "read in its proper context," the words in the judgment "do not pertain to the finality of the conviction for enhancement purposes" and this Court therefore erred in holding that the 1987 offense was not a final conviction.[5] The court of criminal appeals remanded the appeal for us to consider: (1) the possible remoteness of the 1987 conviction; and (2) the admissibility of the State's allegedly "highly prejudicial hypothetical question" at trial.

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4 (Vernon Supp. 2010). We note that appellant was sentenced under a prior version of the statute, but because the revisions are not pertinent to this appeal, we cite to the current version of the statute.

[3] Appellant argues that more than ten years elapsed between November 22, 1989, when his two-year probation for the 1987 offense ended, and January 18, 2000, the date of his second DWI conviction.

[4] *See Gonzales v. State*, No. 13-05-132-CR, 2008 Tex. App. LEXIS 2326, at **1-2 (Tex. App.–Corpus Christi Apr. 3, 2008) (memo op., not designated for publication), *rev'd and remanded*, 309 S.W.3d 48, 52 (Tex. Crim. App. 2010).

[5] *See Gonzales*, 309 S.W.3d at 52.

## I. Remoteness of 1987 Conviction

By his first issue, appellant contends the trial court erred in overruling his motion to quash the indictment based on his assertion that the 1987 DWI conviction was too remote to be used for enhancement. The State's indictment alleges: (1) the DWI offense in the present case occurred on February 16, 2002; and (2) appellant had two prior DWI convictions—one in November 1987 and a second in January 2000.[6] In his pre-trial motion to quash, and on appeal, appellant argued that the 1987 offense was too remote and was unavailable for enhancement because his two-year period of community supervision for the 1987 offense ended on November 22, 1989; therefore, according to appellant, there was a lapse of more than ten years between November 22, 1989 and his January 18, 2000 conviction.

The State argued that appellant's community supervision for the 1987 offense did not terminate on November 22, 1989, but instead, terminated on July 24, 1991—the date appellant was actually discharged from community supervision. According to the State, a motion to revoke was filed on November 21, 1989, prior to the expiration of appellant's community supervision; the filing of the motion effectively extended the period of community supervision until appellant's actual discharge on July 24, 1991. Thus, because the date of discharge—July 24, 1991—was within ten years of appellant's January 18,

---

[6] To elevate the current DWI offense to a felony, the State was required to prove appellant had two prior convictions. *See* TEX. PENAL CODE ANN. § 49.09(b)(2).

2000 conviction, the 1987 offense is available to enhance the present offense. The trial court agreed with the State and overruled appellant's motion to quash.[7]

## A. Standard of Review and Applicable Law

The two prior intoxication-related offenses referred to in section 49.09(b)(2) are elements of the offense of felony DWI.[8] Proof of the prior misdemeanor convictions was essential in proving the felony, and in its absence, the evidence was insufficient to support the felony conviction.[9] To carry its burden of establishing the two prior convictions, the State was required to make a prima facie showing of the validity of the prior convictions. [10] To make such a prima facie showing, the State must prove that the prior convictions were reflected in final judgments entered pursuant to article 42.01 of the code of criminal procedure.[11] Because appellant is challenging the use of his 1987 conviction—an essential element of his conviction for felony DWI—we construe his claim as a challenge to the sufficiency of the evidence supporting his conviction.[12] Evidence is insufficient if, when viewed in a light most favorable to the verdict, a rational jury could not have found each

---

[7] At the motion to quash hearing on February 7, 2005, appellant's counsel cited *Getts v. State*, 155 S.W.3d 153 (Tex. Crim. App. 2005).

[8] *Martin v. State*, 200 S.W.3d 635, 641 (Tex. Crim. App. 2006) ("The law that applies to any felony DWI offense includes the jurisdictional element of two prior DWI convictions."); *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999); *Mapes v. State*, 187 S.W.3d 655, 658 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd); *Uriega v. State*, 136 S.W.3d 258, 259 (Tex. App.–San Antonio 2004, pet. ref'd); *State v. Kindred*, 773 S.W.2d 766, 768 (Tex. App.–Corpus Christi 1989, no pet.).

[9] *See Mosqueda v. State*, 936 S.W.2d 714, 717 (Tex. App.–Fort Worth 1996, no pet.).

[10] *Id.* at 716.

[11] *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 (Vernon 2006) (listing the requirements of a judgment); *Mosqueda*, 936 S.W.2d at 716.

[12] *See Mosqueda*, 936 S.W.2d at 717.

element of the offense beyond a reasonable doubt.[13]  The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge for the case. [14]

The "ten-year rule" contained in former section 49.09(e) of the penal code prohibited the use of a prior DWI conviction for enhancement if the defendant committed the charged DWI more than ten years after the judgment date of the prior DWI and if the person was not convicted of another DWI within that ten-year period.[15]  The date of the judgment for the previous conviction is one of four possible times from which the ten-year periods are measured.  Former section 49.09(e), applicable to appellant, provided:

> (e)   Except as provided by Subsection (f), a conviction may not be used for purposes of enhancement under this section if:
>
> (1)   the conviction was a final conviction under Subsection (d);
>
> (2)   the offense for which the person is being tried was committed more than 10 years after the latest of:
>
> (A)   the date on which the judgment was entered for the previous conviction;
>
> (B)   the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;

---

[13] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

[14] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

[15] *See* Act of June 13, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Sess. Law Serv. 1141-42, *repealed by* Act of June 18, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Sess. Law Serv. 3365, 3366.

> (C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or
>
> (D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and
>
> (3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).[16]

In *Getts*, the Texas Court of Criminal Appeals explained the application of the ten-year rule in former section 49.09(e).[17] In order to exclude a prior conviction from use for enhancement, the three conditions of section 49.09(e) must be met: (1) the prior conviction must be final; (2) the current offense must have been committed more than ten years after the latest date determined under subdivision 49.09(e)(2); and (3) the defendant must not have been convicted of any other intoxication-related offense within ten years of the latest date under subdivision (2).[18] The latest date under subdivision (2) is the later of the date of judgment of the prior conviction, the date of discharge from community

---

[16] *Id.*

[17] *Getts*, 155 S.W.3d at 156-57.

[18] *Id.*

supervision, the date of completion of parole, or the date the defendant completed serving a term of confinement or imprisonment for the prior conviction.[19]

## B. Analysis

The sole question, under (2)(B) of the former statute, is what is "the date on which [appellant] was discharged" from community supervision for the 1987 offense? Appellant argues he was "discharged" when his community supervision ended on November 22, 1989; therefore, the 1987 offense is unavailable for enhancement. The State contends appellant was discharged on the date of actual discharge—July 24, 1991—and the 1987 offense is therefore available for enhancement.

Appellant argues that the only effect of the filing of the State's motion to revoke prior to the expiration of his two-year period of community supervision was to extend the trial court's "limited jurisdiction to hear and potentially revoke probation based upon the allegations of the State's motion to revoke." According to appellant, the State moved to dismiss its motion to revoke on July 12, 1991, and the trial court granted the State's motion to dismiss on July 15, 1991. Appellant contends that when the State's motion to revoke was dismissed, the effect was to "sever that limited jurisdiction retained by the filing of the motion to revoke," and that "[a]ll actions thereafter [by the trial court] were a nullity." We are unpersuaded by appellant's argument. The State's July 12, 1991 motion to dismiss the motion to revoke states that one of the bases alleged in the motion to revoke was that appellant had failed to complete payment of fines, court costs, and probation fees. The

_____

[19] *Id.* at 156; *see* Act of June 13, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Sess. Law Serv. 1141-42 (repealed 2005).

7

motion to dismiss states that by July 12, 1991 (the date of the motion), appellant had paid fines and court costs in the amount of $740.50 and probation fees in the amount of $380.00. Because appellant had completed these payments, the State requested dismissal of its earlier motion to revoke. The State's motion to dismiss was granted on July 15, 1991, and shortly thereafter, appellant was discharged from community supervision on July 24, 1991.

As the court of criminal appeals noted in *Getts*, "[w]hen discerning the meaning of a statute, we begin with its plain language."[20] The plain meaning of the word "latest" means the most recent or near to the present time.[21] The latest date under section 49.09(e)(2) for measuring the expiration of more than ten years is either the date of judgment of the prior conviction, the date of discharge from community supervision, the date of completion of parole, or the date the defendant completed serving a term of confinement or imprisonment for the prior conviction.[22] Where the relevant dates of prior convictions are within ten years of *each other*, they are appropriate for enhancement, regardless of their remoteness from the charged offense.[23]

Here, the "latest" date under the statute is appellant's actual discharge date for the 1987 offense—July 24, 1991—which is within ten years of appellant's January 18, 2000

---

[20] *See Getts*, 155 S.W.3d at 155.

[21] *See State v. Celaya*, 205 S.W.3d 736, 738 (Tex. App.–Amarillo 2006, no pet.).

[22] *See Getts*, 155 S.W.3d at 156; *Read v. State*, No. 02-06-065-CR, 2007 Tex. App. LEXIS 2547, at *12 (Tex. App.–Fort Worth Mar. 29, 2007, pet. dism'd) (mem. op., not designated for publication).

[23] *See Getts*, 155 S.W.3d at 158; *Basurto v. State*, No. 14-05-419-CR, 2006 Tex. App. LEXIS 7980, at *5 (Tex. App.–Houston [14th Dist.] Sept. 7, 2006, pet. ref'd) (mem. op., not designated for publication).

conviction. Thus, all three conditions of the prior statute were met: (1) the 1987 conviction is a final conviction; (2) the 2002 offense was committed more than ten years after the 1987 offense; and (3) appellant was convicted of another alcohol-related offense (the January 18, 2000 offense) within ten years of the latest date in subdivision (2) of the statute relating to the 1987 offense (July 24, 1991). We therefore conclude that the 1987 and January 18, 2000 offenses were available for enhancement purposes.[24] Accordingly, the trial court did not err in denying appellant's motion to quash. We overrule appellant's first issue.

## II. Hypothetical Question

By his second issue, appellant contends that the trial court erred in permitting the State to ask a hypothetical question that was not based on the facts of the case. Specifically, appellant complains that during cross-examination, the prosecutor asked him a hypothetical question that was "outside the record" and "was meant to lower the State's burden of proof."

The State argues that appellant failed to preserve any issue for review because: (1) his objection was neither timely nor specific; and (2) his claim on appeal—that the hypothetical was not based on the facts of the case—does not comport with the objection made at trial.[25]

Appellant complains of the following exchange:

---

[24] *See Getts*, 155 S.W.3d at 158*; see also Constante v. State*, No. 04-07-455-CR, 2008 Tex. App. LEXIS 5429, at *5 (Tex. App.–San Antonio July 23, 2008, no pet.) (mem. op. not designated for publication).

[25] *See Coleman v. State*, 802 S.W.2d 394, 396 (Tex. App.–Dallas 1990, no pet.) ("An objection stating one legal basis may not be used to support a different legal basis on appeal.").

Q [by Prosecutor]: Okay. Do you have any children?

A [Appellant]: No, sir.

Q: I want you to assume you have a daughter right now, okay? I want you to assume with me that there's a bouncing ball that your little six-year-old daughter is following as it goes into the street and that there's an individual driving down that street. And for our purposes, let's say whose vision is somewhat obscured by other traffic parked on the side of the road.

[Appellant's counsel]: Judge, may we approach?

(At the Bench, off the record.)

Q [Prosecutor]: I want you to assume an individual that has drank [sic] the amount of alcohol that you drank over the period of time that you drank, okay? So that I don't want to change any facts other than what applied to you from your testimony. And that that person had worked the hours you worked and was fatigued like you were and had drank two beers over the period of time. Would you be comfortable, sir, with your daughter chasing that bouncing ball into the street and somebody driving that vehicle, having drank as much as you did and having been fatigued as much as you did, or would you rather that driver have had no alcohol? What's your answer?

A: Well, sir, I mean, I couldn't answer that. I mean, if there's a car coming, she's running out there, I mean it's what's . . . . I don't understand what you . . .

Q: Yes, you do, Mr. Gonzales. It's a simple question. Rudy Gonzales behind the wheel, having drank the alcohol that you drank, over the period of time that you drank, fatigued to the point you were, would you be comfortable with your daughter following a bouncing ball into the street with that person driving or would

10

|                        | you prefer that person to not have been drinking and driving at all?  Which would you prefer? |
|------------------------|-----------------------------------------------------------------------------|
| [Appellant's counsel]: | Judge, I'm going to call this is [sic] inflammatory and I think it's irrelevant and I think it calls for speculation. |
| [the Court]:           | Overruled. |

To preserve a complaint for appellate review, a party must make a specific and timely objection, motion, or request to the trial court.[26]  "The complaint is timely only if the party makes the complaint as soon 'as the grounds for it become apparent.'"[27]  As the court of criminal appeals has noted,

> An objection should be made as soon as the ground for objection becomes apparent.  In general, this occurs when the evidence is admitted.  Therefore, if a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds.  If he fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived.[28]

Here, appellant's counsel did not object until after appellant had attempted to answer the question and the question was asked a second time.  Appellant's counsel offered no explanation for failing to object before appellant attempted to answer the question.  We

---

[26] *See* TEX. R. APP. P. 33.1; *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008).

[27] *Neal*, 256 S.W.3d at 279 (citing *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006)).

[28] *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) (internal citations omitted).

hold that by failing to make a timely objection, appellant failed to preserve any issue for review.[29]  We overrule appellant's second issue.

### III.  Conclusion

We affirm the trial court's judgment.


LINDA REYNA YAÑEZ
Justice


Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
16th day of December, 2010.

---

[29] *See* Tex. R. App. P. 33.1;  *Dinkins*, 894 S.W.2d at 355.